## SCHWARTZ v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. October 25, 1916.)

1. APPEAL AND ERROR ☞1004(1)—REVIEW—VERDICT.

While in court cases the assessment of damages is peculiarly a question for the jury and will not ordinarily be disturbed on appeal, nevertheless a verdict for purely nominal damages, in a passenger's action for the assault of the conductor upon him, will, where the passenger showed the infliction of considerable injuries necessitating the expenditure of more than $10 for medical services, be reversed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944, 3946; Dec. Dig. ☞1004(1).]

2. CARRIERS ☞319(1)—CARRIAGE OF PASSENGERS—CONDUCTOR.

That a passenger on a street car was the aggressor in an altercation over his right to a transfer does not justify the conductor in assaulting him, and, where the conductor so assaulted him, substantial damages should be imposed.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1340; Dec. Dig. ☞319(1).]

Appeal from Trial Term, New York County.

Action by Joe Schwartz against the New York Railways Company. From a judgment for plaintiff for $1.00, and an order denying a motion to set aside the verdict as inadequate, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

John D. Nussbaum, of New York City (Henry Lieb, of New York City, of counsel), for appellant.

James L. Quackenbush, of New York City (B. H. Ames and Frederick Allis, both of New York City, of counsel), for respondent.

SHEARN, J. [1, 2] An appellate tribunal should be very sparing in the exercise of its power to interfere with the awards of damages by juries in tort cases, where the assessment of damages is peculiarly the province of the jury. The case at bar, however, falls within recognized exceptions to this rule. The jury's verdict, which is well supported by the evidence, establishes that the plaintiff was assaulted by a conductor of the defendant railway. While a passenger on one of defendant's cars, and after he had paid his fare, plaintiff was violently struck in the face and one of his teeth was knocked out of place so that it had to be removed. In addition to the indignity and humiliation of the attack, plaintiff had to pay a dentist bill of about $10 and lost nine or ten days of work. It may be true that the plaintiff was the aggressor in the altercation that led to blows, and that

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the jury so believed, although, considering the disproportion in the size of the plaintiff and the car conductor, it seems doubtful that plaintiff would have made a physical attack upon the latter simply because a transfer was refused. But, if the plaintiff was the aggressor in the altercation, that afforded the car conductor no justification whatever for striking the plaintiff a violent blow in the face. Such misconduct by one in charge of a public conveyance is so gross and inexcusable as to require the imposition of substantial damages.

Judgment and order appealed from are reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.